IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

JULIA REINHART and TIMOTHY EASTMAN,

     PLAINTIFFS,

 -versus-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE CAPTAIN VENTRELLA,
NEW YORK CITY POLICE CHIEF THOMAS
PURTELL, NEW YORK CITY POLICE OFFICERS
"JOHN DOES 1-20,"


     DEFENDANTS.


_____

INDEX NO. 13 CV 8314 (JPO)



COMPLAINT
JURY TRIAL DEMANDED

1. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN, by their attorneys, STECKLOW, COHEN AND THOMPSON, complaining of the defendants, respectfully allege as follows:

## PRELMINARY STATEMENT

2. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN bring this action for compensatory damages and attorney's fees pursuant to the First, Fourth, and Fourteenth Amendment and 42 U.S.C. § 1983 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

3. On the morning of September 17, 2012, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were lawfully present in Lower Manhattan as photojournalists covering the one year anniversary of Occupy Wall Street. Plaintiff JULIA REINHART was selected for arrest at or around 8:15 AM by Defendant NEW YORK CITY POLICE CAPTAIN VENTRELLA, despite having engaged in no criminal or illegal conduct. Plaintiff TIMOTHY EASTMAN was selected for arrest at or around the same time by Defendant NEW YORK CITY POLICE CHIEF THOMAS PURTELL, despite having engaged in no criminal or illegal conduct. All charges against Plaintiffs have subsequently been dismissed and sealed, but Plaintiffs were prevented from undertaking journalistic coverage of the Occupy Wall Street one year anniversary activities by their arrests.

**JURISDICTION**

4. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and the aforementioned statutory and constitutional provisions.

**VENUE**

5. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because this is the district in which the incident occurred.

**THE PARTIES**

6. At all times pertinent to this complaint, Plaintiff JULIA REINHART was a resident of the City of New York, State of New York, and the County of New York.

7. At all times pertinent to this complaint, Plaintiff TIMOTHY EASTMAN was a resident of the City of New York, State of New York, and the County of Kings.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, Defendant POLICE CAPTAIN VENTRELLA, Defendant POLICE CHIEF THOMAS PURTELL and Defendant POLICE OFFICERS "JOHN DOES 1-20" (all collectively, "Defendant POLICE OFFICERS" or any individually, "Defendant POLICE OFFICER") were duly sworn police officers of said department and were acting under the supervision of said department and according to his official duties.

11. That at all times hereinafter mentioned the Defendant POLICE OFFICERS were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

2

12. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

## FACTS COMMON TO ALL CLAIMS

14. On the morning of September 17, 2012, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were lawfully present in lower Manhattan.

15. At that time, Plaintiffs were each present in their capacities as photojournalists.

16. Plaintiff JULIA REINHART is an established photojournalist whose work has appeared in periodicals and publications around the world.

17. Plaintiff TIMOTHY EASTMAN is a burgeoning photojournalist who is near the beginning of his career.

18. Plaintiff JULIA REINHART was documenting a police gathering on Wall Street from a distance when a senior Defendant POLICE OFFICER directed a uniform sergeant Defendant POLICE OFFICER to read an announcement, via bullhorn, indicating that individuals were blocking a sidewalk and would be arrested if they did not disperse.

19. Approximately five (5) seconds after this announcement was made, and with no opportunity to actually disperse, Defendant NEW YORK CITY POLICE CAPTAIN VENTRELLA directed one or more Defendant NEW YORK CITY POLICE OFFICERS to arrest Plaintiff JULIA REINHART.

20. Plaintiff JULIA REINHART had not been blocking the sidewalk or otherwise obstructing pedestrian traffic.

21. Nevertheless, Plaintiff JULIA REINHART was bodily seized by one or more Defendant POLICE OFFICERS, and was placed in handcuffs and transported to One Police Plaza.

22. Plaintiff JULIA REINHART suffered pain, injuries and discomfort as a result of her improper and unnecessary handcuffing by one or more Defendant POLICE OFFICERS.

23. At or around the same time, Plaintiff TIMOTHY EASTMAN was documenting police interactions with protesters on Broadway near Trinity Church when Defendant NEW YORK CITY POLICE CHIEF THOMAS PURTELL directed one or more Defendant POLICE OFFICERS to arrest Plaintiff TIMOTHY EASTMAN.

24. Plaintiff TIMOTHY EASTMAN had not been blocking the sidewalk or otherwise obstructing pedestrian traffic.

25. Nevertheless, Plaintiff TIMOTHY EASTMAN was bodily seized by one or more Defendant POLICE OFFICERS, and was placed in handcuffs and transported to One Police Plaza.

26. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were released later in the day on September 17, 2012, preventing them from covering the Occupy Wall Street protest events that they had each been attempting to document when arrested.

27. On information and belief, some or all New York City Police Officers are predisposed against journalists, and will arrest or harass same when given an opportunity to do so, regardless of whether probable cause exists to lawfully do so.

28. On information and belief, some or all New York City Police Officers are predisposed against journalists covering Occupy Wall Street, and will arrest or harass same when given an opportunity to do so, regardless of whether probable cause exists to lawfully do so.

29. On information and belief, one or more of the Defendant POLICE OFFICERS made the determination to arrest Plaintiffs JULIA REINHART and TIMOTHY EASTMAN due to their journalistic activities covering Occupy Wall Street.

30. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were each charged with disorderly conduct, a violation and not a crime.

31. All charges against Plaintiff JULIA REINHART were dismissed on motion of the District Attorney for New York County.

32. One of the two disorderly conduct charges against Plaintiff TIMOTHY EASTMAN was dismissed and sealed on motion of the District Attorney for New York County.

33. The remaining disorderly conduct charge against Plaintiff TIMOTHY EASTMAN was dismissed and sealed by Order of the New York County Criminal Court.

34. As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal injuries, violations of his civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

35. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of the Defendant CITY, Defendant POLICE OFFICERS, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived Plaintiffs JULIA REINHART and TIMOTHY EASTMAN of the rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. The Defendant POLICE OFFICERS, and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

42. As a result of Defendants' impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN demand judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>

43. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by Defendants, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were subjected to an illegal, improper and false arrest by the Defendant POLICE OFFICERS, and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

45. As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal

injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

46. As a result of Defendants' impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN demand judgment against Defendants in a sum of money to be determined at trial.

**THIRD CLAIM FOR RELIEF
FAILURE TO INTERVENE UNDER 42 U.S.C. §1983**

47. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

48. The Defendant POLICE OFFICERS and the Defendant CITY OF NEW YORK had an affirmative duty to intervene on behalf of Plaintiffs JULIA REINHART and TIMOTHY EASTMAN to prevent the above-referred violations of their constitutional rights.

49. The Defendant POLICE OFFICERS failed to intervene on Plaintiffs JULIA REINHART and TIMOTHY EASTMAN'S behalf to prevent the violation of their constitutional rights despite having had realistic opportunities to do so.

50. The Defendants POLICE OFFICERS failed to intervene on behalf of Plaintiffs JULIA REINHART and TIMOTHY EASTMAN to prevent the violation of their constitutional rights, despite having substantially contributed to the circumstances within which Plaintiffs JULIA REINHART and TIMOTHY EASTMAN'S rights were violated by defendants' affirmative conduct.

51. As a result of the aforementioned conduct of the individual defendants, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN'S constitutional rights were violated.

52. As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

53. As a result of Defendants' impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN demand judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983

54. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55. Plaintiffs were unnecessarily handcuffed by the Defendant POLICE OFFICERS.

56. Plaintiff JULIA REINHART suffered pain, discomfort and injuries as a result of her unneccesary handcuffing by the Defendant POLICE OFFICERS

57. The circumstances presented to the Defendant POLICE OFFICERS did not support the above applications of force on Plaintiffs, in that there was no probable cause for Plaintiffs' arrests.

58. Plaintiffs were subjected to excessive force and were assaulted by the Defendant POLICE OFFICERS, in violation of their rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

59. As a result of the above constitutionally impermissible conduct, Plaintiff JULIA REINHART was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, and damage to her reputation and standing within her communities.

60. As a result of Defendants' impermissible conduct, Plaintiff JULIA REINHART demands judgment against Defendants in a sum of money to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

61. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

62. Defendants misrepresented and falsified evidence before the District Attorney.

63. Defendants did not make a complete and full statement of facts to the District Attorney.

64. Defendants withheld exculpatory evidence from the District Attorney.

65. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

66. Defendants lacked probable cause to initiate criminal proceedings against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

67. Defendants acted with malice in initiating criminal proceedings against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

68. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

69. Defendants lacked probable cause to continue criminal proceedings against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

70. Defendants acted with malice in continuing criminal proceedings against Plaintiff Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

71. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

72. Notwithstanding the perjurious, fraudulent and malicious conduct of defendants, the criminal proceedings were terminated in Plaintiffs JULIA REINHART and TIMOTHY EASTMAN's favor, when all charges against then were dismissed.

73. As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

74. As a result of Defendants' impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN demand judgment against Defendants in a sum of money to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION**
**UNDER 42 U.S.C. § 1983**

75. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

76. Before and during the time Plaintiffs JULIA REINHART and TIMOTHY EASTMAN came into contact with the Defendant POLICE OFFICERS, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN engaged in protected speech activities and associative expression in their respective capacities as photojournalists.

77. Defendant POLICE OFFICERS took adverse action against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

78. Defendant POLICE OFFICERS took adverse action against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN by unlawfully arresting them without probable cause.

79. Defendant POLICE OFFICERS took adverse action against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN by falsely accusing them of violations.

80. Defendant POLICE OFFICERS took adverse action against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN by taking Plaintiffs into Police custody and detaining them against their will.

81. Defendant POLICE OFFICERS took adverse action against Plaintiffs JULIA REINHART and TIMOTHY EASTMAN by taking Plaintiffs into Police custody and thereby preventing them from covering the events that they had set out to document as photojournalists.

82. Upon information and belief, there was a causal connection between the protected speech activities and associative expression engaged in by Plaintiffs JULIA REINHART and TIMOTHY EASTMAN and the adverse actions taken by the Defendant POLICE OFFICERS.

83. The causal connection between the protected speech activities and associative expression engaged in by Plaintiffs JULIA REINHART and TIMOTHY EASTMAN and the adverse actions taken against Plaintiff by Defendant POLICE OFFICERS was demonstrated by, among other things, the absence of probable cause justifying Plaintiffs JULIA REINHART and TIMOTHY EASTMAN'S arrests.

84. The causal connection between the protected speech activities and associative expression engaged in by Plaintiffs JULIA REINHART and TIMOTHY EASTMAN and the adverse actions taken against Plaintiff by Defendant POLICE OFFICERS was demonstrated by, among other things, the release of Plaintiffs with summonses after sufficient time had passed to assure that Plaintiffs would not be available to document police-protester interactions at the Occupy Wall Street first anniversary protests.

85. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were falsely accused of crimes and violations and were taken into Police custody and detained against their will.

86. That the conduct and actions of Defendants POLICE OFFICERS acting under color of State law, in detaining and imprisoning the Plaintiff were done intentionally and/or with a negligent disregard for the natural and probable consequences of their acts, were done without lawful justification in violation of the Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983, the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of their civil and constitutional rights of

free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

87. The Defendant POLICE OFFICERS deprived the Plaintiffs JULIA REINHART and TIMOTHY EASTMAN of their liberty in violation of both his civil and constitutional rights, as guaranteed under 42 U.S.C. §1983 and set forth in the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiffs' exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

88. Defendants' actions were undertaken under color of law and would not have existed but for Defendants using their official power.

89. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

90. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs JULIA REINHART and TIMOTHY EASTMAN'S constitutional rights.

91. All of the foregoing acts by Defendants deprived Plaintiffs JULIA REINHART and TIMOTHY EASTMAN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived liberty without due process of law;
    B. To be free from seizure and arrest not based upon probable cause; and
    C. To free expression as members of the press.

92. As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

93. As a result of Defendants' impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN demand judgment against Defendants in a sum of money to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER *MONELL*

94. Plaintiffs JULIA REINHART and TIMOTHY EASTMAN repeat reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

95. Defendants arrested and incarcerated Plaintiffs JULIA REINHART and TIMOTHY EASTMAN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would violate Plaintiffs JULIA REINHART and TIMOTHY EASTMAN'S constitutional rights.

96. The acts complained of were carried out by the aforementioned individual Defendants "POLICE OFFICERS in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

97. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

98. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

I. wrongfully arresting individuals engaged in first amendment protected expression and association without probable cause in attempts to justify content-based retaliatory acts against same (i.e. retaliatory "cover charge" arrests);

II. wrongfully arresting individuals engaged in first amendment protected expression and association relating to Occupy Wall Street without probable cause in attempts to justify content-based retaliatory acts against same (i.e. retaliatory "cover charge" arrests);

III. wrongfully arresting innocent persons engaged in first amendment protected expression in order to meet quantitative "productivity goals" (i.e. arrest quotas).

99. The custom, policy or practice of wrongfully arresting individuals engaged in First Amendment expression and expressive association, i.e., commenting upon and recording police actions, both generally and also particularly with respect to Occupy Wall Street, can be shown with reference to the following cases, among others:

I. **Rodriguez et al. v. Winski et al.,** SDNY 12cv3389 (NRB) (National Press Photographers' Association and others complain of systematic suppression of press and public official observation of policing of Occupy Wall Street; Plaintiff Peter Dutro arrested and falsely accused of interfering

with arrest for commenting upon arrest, vindicated by surveillance video contradicting police account of arrest; Plaintiff Justin Wedes arrested for live-streaming police-protester interactions at protest, etc.)

II.  **Boss v. City of New York et al.,** SDNY 12cv8728 (GBD)(KNF) (Plaintiff live-streamer tackled and punched by Defendant NEW YORK CITY POLICE CHIEF PURTELL for live-streaming from Occupy Wall Street related protest.)

100.   On information and belief, police officers in the New York City Police Department, including the Defendant POLICE OFFICERS, are trained, ordered or encouraged to meet quantitative enforcement "productivity goals" promulgated by policymakers and/or supervisory staff of Defendant CITY OF NEW YORK'S police department.

101.   Said quantitative enforcement "productivity goals" can also be referred to as arrest quotas.

102.   The need to meet arrest quotas can induce police officers to make arrests in the absence of probable cause.

103.   Upon information and belief, the arrest quotas promulgated by Defendant CITY OF NEW YORK induce and incentivize New York City police officers, such as the Defendant POLICE OFFICERS herein, to make arrests in the absence of probable cause, in violation of the constitutional rights of individuals to be free from unreasonable seizures.

104.   The existence of the aforesaid unconstitutional arrest quota custom and/or policy was confirmed as a finding of fact when, on February 18, 2011, the jury in *Bryant v. City of New York*, Kings County Supreme Court Docket #022011/2007, found that the plaintiff in that case's arrest had resulted from a policy "regarding the number of arrests officers were to make that violated plaintiff's constitutional rights and contributed to her arrest" imposed by Defendant City of New York.

105.   The existence of the aforesaid unconstitutional arrest quota custom and/or policy may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on November 8, 2010, that commanders are permitted to set "productivity goals."[1]

106.   The existence of the aforesaid unconstitutional arrest quota custom and/or policy may further be inferred from the posting of lists of quantitative targets for various forms of summonses at the 77th Precinct in Brooklyn.  *See* fn1.

107.   The existence of the aforesaid unconstitutional arrest quota custom and/or policy may further be inferred from the tapes recordings acquired by WABC-TV/DT, including, among other admissions, a 41st precinct sergeant explaining that each of his officers is held to a twenty summons per month and one arrest per month

---

[1] Fanelli, James, *Cops At Brooklyn's Crime-Ridden 77th Precinct Told To Meet Quotas For Moving Violations, Memos Say*, New York Daily News, November 8, 2010. Article incorporated by reference herein and available online at http://www.nydailynews.com/ny_local/2010/11/08/2010-11-08_cops_told_to_meet_quotas.html.

enforcement quota, as reported by the media on March 3, 2010.[2]

108.   The existence of the aforesaid unconstitutional arrest quota custom and/or policy may further be inferred from the tape recordings acquired by the Village Voice, including, among other admissions, an 81st precinct sergeant telling his officers to make "special" arrests as directed by their superiors even if they must void the arrests at the end of their shifts, as reported by the media on May 11, 2010.[3]

109.   The existence of the aforesaid unconstitutional arrest quota custom and/or policy may further be inferred from the full page color advertisement placed by the Patrolmen's Benevolent Association of the City of New York in the May 7, 2012 edition of the New York Daily News, which states "Don't Blame the Cop[,] Blame NYPD Management For the pressure to write summonses and the pressure to convict motorists[.]  Because of ticket quotas, New York City police officers are being pressured to write summonses to as many motorists as possible…. "

110.   The actions of the individual police defendants resulted from and were taken pursuant to the above-mentioned *de facto* policies and/or well-settled and widespread customs and practices of Defendant CITY OF NEW YORK, which are implemented by members of the NYPD, of engaging in systematic and ubiquitous perjury, both oral and written, to cover-up federal law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates.  They do so with the knowledge and approval of their supervisors, commanders and New York City Police Commissioner Kelly who all: (i) tacitly accept and encourage a code of silence wherein police officers refuse to report other officers' misconduct or tell false and/or incomplete stories, inter alia, in sworn testimony, official reports, in statements to the CCRB and IAB, and in public statements designed to cover for and/or falsely exonerate accused police officers; and (ii) encourage and, in the absence of video evidence blatantly exposing the officers' perjury, fail to discipline officers for "testilying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil rights violations perpetrated by themselves of fellow offices, supervisors and/or subordinates against those civilians.

111.   The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department evince deliberate indifference to the constitutional rights of Plaintiffs JULIA REINHART and TIMOTHY EASTMAN.

112.   As a result of the above constitutionally impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN were caused to suffer, *inter alia*, personal

---

[2] Hoffer, Jim, *NYPD Officer Claims Pressure To Make Arrests*, WABC News, March 3, 2010. Article incorporated by reference herein and available online at http://abclocal.go.com/wabc/story?section=news/investigators&id=7305356.
[3] Rayson, Graham, *The NYPD Tapes, Part 2: Bed-Stuy Street Cops Ordered: Turn This Place Into A Ghost Town*,  Village Voice, May 11, 2010. Article incorporated by reference herein and available online at http://www.villagevoice.com/2010-05-11/news/nypd-tapes-part-2-bed-stuy/.

injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

113.   As a result of Defendants' impermissible conduct, Plaintiffs JULIA REINHART and TIMOTHY EASTMAN demand judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

      I.   Invoke pendent party and pendent claim jurisdiction.

      II.   Award appropriate compensatory and punitive damages.

      III.   Award appropriate declaratory and injunctive relief.

      IV.   Award attorney's fees and costs.

      V.   Award such other and further relief as the Court deems to be in the interest of justice.

DATED:   New York, New York
           November 20, 2013


Respectfully submitted,


_____~//s//~_____
SAMUEL B. COHEN [SC 0622]
STECKLOW COHEN & THOMPSON
10 SPRING ST, SUITE 1
NEW YORK, NY 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEYS FOR PLAINTIFFS

14